BARHAM, J.,
dissents from the refusal to grant writs. As I have previously stated in dissent the sole original reason for permitting those charged with “capital offenses” to be denied bail was to insure their appearance at subsequent trial. In fact, appearance for trial is the sole stated purpose of bail requirements in any case. As originally enforced and executed the death penalty in “capital cases” meant certain death upon a finding of guilt. Denial of bail in those cases was to secure one who from fear of certain death might conceal himself and deny the state a trial for the offense. Time and circumstances have so changed as to make concealment almost impossible. More importantly without the death penalty there is no more reason for one charged with a “capital offense” to depart and conceal himself than for one charged with armed robbery, distribution of narcotics, or some multiple offenses. These defendants pose a greater threat to the safety of the community and society and may be subjected to far more severe sentences than most “capital” offenders. Bail should be permitted here under the showing of the good character and reputation of this defendant. Abolishment of the “capital offense” abolished the restrictions for bail.